Rohn, J.
The defendant in the court below commenced an action against the plaintiff in error as receiver of the Toledo, St. Louis & Kansas City Railroad Company for the sum of $150, with interest, upon two causes of action. . The causes of action are both for damages .for stock killed on the railroad operated and controlled by the receiver, because of an alleged negligence in failing' to construct necessary and proper cattle guards to keep stock from getting in upon the right of way of the railroad from the public highway, and that by reason of this negligence on the part of the receiver and his predecessor, the railroad company, the stock of the defendant Andrews, without fault or negligence on his part, strayed upon the track of the railroad, and was run over and killed.
The plaintiff receiver filed his answer to both causes of action, which very clearly sets out the defenses relied upon, which are, first, on each side of the right-of-way of the Toledo, St. Louis & Kansas City Railroad, north and south of the public road in plaintiff’s petition described, there is, and was at the time mentioned in said petition, a wire fence constructed as provided by the statute, north of said public road, except where said right of way is crossed by the right-of-way of the Findlay, Ft. Wayne & Western Railroad, the fence extends to a certain bridge which serves the purpose of a cattle guard, and is sufficient to prevent stock from going on the right-of-way north of that point; south of said highway said fence extends to the cattle guard constructed according to law, which, prevents stock from getting on the right-of-way south of that point.
Defendant admits that said heifer was killed in a collision with one of the trains of the defendant, but says that the place where said heifer came upon the right of way of said railroad is within the station limits of said railroad in the *515 village of Cloverdale, and is part of the depot grounds. He further says the necessities and conveniences of the public and of the receiver and railroad company and the safety of the employes of said receiver require that said depot grounds and station limits at the crossing of said highway should remain open and unobstructed; and that said bridge north of said public road and the cattle guard south of said public road has been put in and built by said railroad company at the first point north and south of said highway where the construction of cattleguards would not interfere with the necessities and convenience of the public and of the railway company and its receiver and' endanger the safety of the employes of said receiver. To the second cause of action a similar answer was set out relating to the cattle guard, or want of cattle guard south of the railroad station.
Upon the amended petition of Andrews and the answer of the receiver the issues were joined and trial had before a jury, which returned a verdict in favor of the defendant in error Andrews, for $120.00, upon which verdict the court below rendered a judgment; a bill of exceptions embodying all the testimony had on the-trial in the court below was duly taken and allowed, and a petition in error filed in this court by the receiver, seeking a reversal of the judgment of the court below on the grounds, first, that the trial court erred in overruling the motion of plaintiff in error for anew trial; second, the court erred in its charge to the jury on the trial of the action; third, the court erred in the admission of evidence on behalf of said defendant in error to which said plaintiff in error objected; fourth, said court erred in ruling out evidence offered by defendant in error; fifth, said judgment was given for the defendant in error when it should have been given for the plaintiff in error.
Only two questions are presented by the petition in error on the record. The. first is, was the verdict against the weight of the evidence? Second, did the court err in its charge to the jury ? All other errors assigned in relation *516 to the admission or rejection of testimony are not considered by reason of failure to ha,ve the required marginal notes and references, as required under the rules of this court. The only question raised on the sufficiency of the testimony as to its weight, is whether, under the exception which the Supreme Court has seen fit to read into the statute, the plaintiff, by a fair preponderance, showed that by the public necessities and convenience and proper use of its station yard, the railroad company was relieved of the requirements of the statute. The railroad company claims it is necessary for the proper use of its yard, to omit cattle guards at the highway known as the Truax road and the highway known as the Plank road, one mile north of and the other south of its station.
This was controverted by the plaintiff below. This was one issue to be submitted to the jury under proper instructions by the court, and we are of the opinion that the charge of the court below, in so far as it related to this branch of the case, gave full and proper instructions to the jury, and in that respect there is no error; but, for some reason, we think that the jury failed to properly consider the testimony in reference to this particular part of the case in connection with the instructions from the court.
We are of the opinion that the testimony fully shows that the railroad company was not negligent within the meaning of the statute, requiring cattle guards at all crossings of highways as construed by the Supreme Court. This being true, we are further of the opinion that the verdict was against the weight of the evidence, as the uncontradicted testimony of most of the witnesses produced shows that for the proper use of the stationyard, as maintained on each side of the station proper, it was necessary to omit the cattle guards at each side of the highways, crossing on the north and south of the station, to the point north to where the bridge acts as a cattle guard, and south to the next highway crossing. *517 "This being the case, we do not think such an omission was, ■of itself, sufficient negligence, as shown by the testimony, to warrant a verdict.
It follows, then, that there was error in' the court below in overruling the motion of the receiver of the railroad company for a new trial.
Next, in relation to the charge of the court to the jury, where the three portions of the charge were excepted to by the receiver of the railroad company, and they are as follows:
First. “I dont mean to say that if it happened.to be a little more convenient to the company to omit the cattle pguards, that they could, for that reason, omit to have cattle guards at this point.”
Second. “Because it might be convenient to stop trains •at this point or somewhere along there and save two stops, would not, of necessity, be regarded as a necessary use of this particular locality for taking on and letting off passen.gers, if the had another convenient station ground at which they could stop just as well.”
Third. “Use your good, common sense; that is, your •own knowledge upon this subject. You are not absolutely bound by the testimony of witnesses ”
We are of the opinion that the first two portions of the •charge excepted to, taken in connection with the other portions of the charge, were properly given, and there was no error in giving the same.
In relation to the other portions of the charge excepted to, we are of the opinion that the court erred in this, that it was misleading, and would have a tendency in having the ]ury not only disregard the testimony to which it related, but also the other testimony in the case. To give this part ■of the charge was error.
This case will be reversed as being against the weight of the testimony, and for error in the charge of the court to '•the jury, as indicated in the third exception to the charge.
Cause reversed, with costs; motion for new trial allowed, *518 new trial granted, cause remanded to the court of common pleas for execution and other proceedings according to law.
Charles A. Schmettau and Bailey & Bailey, for Plaintiff in Error.
Handy & Ogan, for Defendant in Error.